UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAYON D. LIVELY,<br><br>                              Plaintiff,<br>   vs.<br><br>ROBERT TOVAR, et al.,<br><br>                              Defendants. | CASE NO. 11cv153-LAB (MDD)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br>[Doc. No. 32] |

On February 3, 2012, Plaintiff in the above-entitled case filed a Motion to Appoint Counsel. (Doc. No. 32). In his Motion, Plaintiff contends that he cannot afford counsel, the issues in his case are complex, he has limited access to the prison law library, and he has limited knowledge of the law. Id. Plaintiff asks the Court to appoint counsel to assist him in asserting his claims.

"[T]here is no absolute right to counsel in civil proceedings." Hedges v. Resolution Trust Corp. (In re Hedges), 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." Mallard v. United States District Court, 490 U.S. 296, 310 (1989); see also United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Burns v. County of King, 883 F.2d

819, 823 (9th Cir. 1989). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court finds that there are no exceptional circumstances that would justify the appointment of counsel. Plaintiff's claims are not complex, and he has been able to articulate them sufficiently. Accordingly, Plaintiff's Motion is **DENIED**.

**IT IS SO ORDERED**.

DATED: February 8, 2012

Hon. Mitchell D. Dembin
U.S. Magistrate Judge