1
2
3
4
5
6
7
8
## UNITED STATES DISTRICT COURT
9
## SOUTHERN DISTRICT OF CALIFORNIA
10
11  DAYON D. LIVELY,                                    CASE NO. 11cv153-LAB (MDD)

12                                      Plaintiff,     **ORDER ADOPTING REPORT
                                                       AND RECOMMENDATION; AND**
         vs.
13                                                     **ORDER DISMISSING CLAIMS
14  ROBERT TOVAR, et al.,                              AGAINST DEFENDANT
                                                       NAHAVANDI**
15                                    Defendants.

16

17          On August 18, 2011, Defendant Afshid Nahavandi moved to dismiss. The other

18  Defendants have answered, and have not moved to dismiss. After Plaintiff Dayon Lively did

19  not oppose the motion, the Court granted it as unopposed. Lively then filed a motion for

20  extension of time to file his opposition, and the Court vacated its order dismissing claims

21  against Nahavandi. The motion to dismiss was referred to Magistrate Judge Mitch Dembin

22  for report and recommendation, pursuant to 28 U.S.C. § 636.. Lively then filed a 29-page

23  opposition to the motion to dismiss.[1] Magistrate Judge Dembin on February 14, 2012 issued

24  his report and recommendation (the "R&R"), recommending that the motion to dismiss be

25  granted. The R&R ordered that objections be filed by March 7, 2012. Since that time, no

26  objections have been received.

27  _____

28          [1] Lively styled this his opposition to the motion for summary judgment, although no
    summary judgment has been filed in this case.

1      A district court has jurisdiction to review a Magistrate Judge's report and

2  recommendation on dispositive matters.  Fed. R. Civ. P. 72(b).  "The district judge must

3  determine de novo any part of the magistrate judge's disposition that has been properly

4  objected to."  *Id*.  "A judge of the court may accept, reject, or modify, in whole or in part, the

5  findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1). This

6  section does not require some lesser review by the district court when no objections are filed.

7  *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).  The "statute makes it clear that the district

8  judge must review the magistrate judge's findings and recommendations de novo *if objection*

9  *is made*, but not otherwise."  *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en

10  banc).

11      Because the time for filing objections has passed and none have been received, the

12  Court could adopt the R&R without review. In view of Lively's evident interest in opposing the

13  motion to dismiss, and the pattern of late filings and requests for extensions of time, the

14  Court out of an abundance of caution has reviewed the R&R to determine whether it is

15  correct.

16      The R&R accepted the facts as alleged in the complaint. Lively is a prisoner in state

17  custody. On or around September 19, 2008, he was involved in a fight with another inmate

18  and prison officers intervened. Lively was injured, he alleges, when the officers used

19  unreasonable force both during and after the fight.

20      On December 8, 2008, Lively was seen by Dr. Nahavandi for a shoulder injury he

21  suffered in connection with the fight. Lively believed he had a torn ligament and needed an

22  M.R.I., but Dr. Nahavandi disagreed. Dr. Nahavandi said Lively's injury appeared to be

23  bicipital tendinitis, prescribed medication for it, and referred Lively to an orthopedic specialist

24  for further evaluation. This exam was Dr. Nahavandi's only interaction with Lively. Lively

25  brings an Eighth Amendment claim, arguing Dr. Nahavandi was deliberately indifferent to

26  serious medical need.

27      As the R&R correctly pointed out, "[D]eliberate indifference describes a state of mind

28  more blameworthy than negligence."  *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).

1   Therefore, "a complaint that a physician has been negligent in diagnosing or treating a

2   medical condition does not state a valid claim of medical mistreatment under the Eighth

3   Amendment." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The indifference to medical

4   needs must be substantial; mere malpractice, or even gross negligence, does not constitute

5   cruel and unusual punishment. *Id*. "[T]he Eighth Amendment does not require that prisoners

6   receive 'unqualified access to health care.'" *Johnson v. Doughty*, 433 F.3d 1001, 1013 (9th

7   Cir. 2006) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)).  An inmate's disagreement

8   with his physician regarding the course of treatment does not constitute deliberate

9   indifference to serious medical needs. *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir.

10  2004); *Sanchez v. Veid*, 891 F.2d 240, 242 (9th Cir. 1989).

11      Here, both the complaint and Lively's opposition to the motion to dismiss make clear

12  Dr. Nahavandi considered what treatment he thought Lively needed right away, and

13  prescribed that treatment as well as recommending a consultation with a specialist to

14  determine further treatment. For example, the complaint and its attachments show that Dr.

15  Nahvandi examined Lively's shoulder, noted decreased range of motion, and prescribed

16  Prednisone, as well as recommending further examination and evaluation by a specialist.

17  (Compl., ¶¶ 69–70 and Ex. P (copy of Dr. Nahavandi's examination notes, with annotations

18  by Lively).) In pertinent part, Dr. Nahavandi's notes say:

19      LEFT SHOULDER DECREASE RANGE OF MOTION. In my exam I think
        this is mostly bicipital tendinitis but I am going to send him to orthopedic to
20      do more exams on him. At the moment I do not think we need an MRI.
        Clinically, I think it is most likely bicipital tendinits and he may need injection
21      in the bursa tendon. RFS for orthopedic has been done for the patient. The
        patient will be on Prednisone tapering 40mg. p.o. for two days, then 20mg.
22      p.o. for two days, then 10mg. p.o. for two days.

23  (Compl., Ex. P at 3.)[2] The complaint faults Dr. Nahavandi for "refusing to provide Plaintiff

24  with the recommended injection treatment; and referring him to an orthopedic specialist."

25  _____

26      [2] This exhibit is part of the complaint, Fed. R. Civ. P. 10(c), and the Court may
    consider it, along with Lively's allegations, when ruling on the motion to dismiss. *See*
27  *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 899 (9th Cir. 2007) (holding
    that, when ruling on motion to dismiss, court may consider allegations in the pleadings,
28  exhibits attached to the complaint, and matters properly subject to judicial notice).
    Furthermore, Lively has annotated the exhibit, in an effort to explain how it demonstrates Dr.
    Nahavandi's liability.

1   (Compl., ¶ 70.)  But as the exhibit shows, Dr. Nahavandi did not determine that an injection

2   was immediately necessary. Rather, his notes suggest only that an injection might be

3   needed, and that Lively should be examined by an orthopedic specialist.

4       Most of Lively's opposition to the motion to dismiss is taken up with allegations

5   against other Defendants. Only a few paragraphs address what Nahvandi allegedly did or

6   failed to do (Opp'n to Mot. to Dismiss, ¶¶ 12–15, 20, 38–43),[3] and these confirm that the

7   Court's reading of the complaint is correct. The opposition merely attempts to pick holes in

8   the wording of some of the notes, criticizes Dr. Nahavandi's choice of treatment, and faults

9   Dr. Nahavandi for not personally scheduling the orthopedic consultation. The allegations

10  make clear, however, Dr. Nahavandi was not in charge of scheduling Lively's medical

11  appointments; the only contact the two had was the December 8, 2008 examination.

12      Even if, as Lively now alleges, that treatment turned out to be wrong or inadequate,

13  it at most shows Dr. Nahavandi was negligent. Even negligence is a difficult stretch, bearing

14  in mind that Dr. Nahavandi recognized the limits of his own expertise and sought the

15  assistance of a specialist. The complaint and attachments to it make plain that Dr. Nahvandi

16  was not deliberately indifferent to Lively's serious medical needs.

17      The Court finds the R&R's recommendations to be correct, and **ADOPTS** it.

18  Nahavandi's motion to dismiss is **GRANTED**. Lively's claims against Nahavandi are

19  **DISMISSED WITH PREJUDICE** and Nahavandi is **DISMISSED AS A PARTY**.

20

21      **IT IS SO ORDERED**.

22  DATED:  March 12, 2012

23

24  **HONORABLE LARRY ALAN BURNS**
    United States District Judge

25

26

_____

27      [3] The principal document in opposition to the motion to dismiss is a declaration.  Lively
28  attached exhibits to this declaration, as well as a memorandum. The memorandum makes
    essentially the same allegations about Dr. Nahavandi, but as with the opposition to the
    motion to dismiss, primarily made allegations against other Defendants.