# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAYON D. LIVELY,<br><br>                          Plaintiff,<br>  vs.<br><br>ROBERT TOVAR, et al.,<br>                         Defendants. | CASE NO. 11cv153-LAB (MDD)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION; AND**<br><br>**ORDER DISMISSING CLAIMS AGAINST DEFENDANT NAHAVANDI** |

On August 18, 2011, Defendant Afshid Nahavandi moved to dismiss. The other Defendants have answered, and have not moved to dismiss. After Plaintiff Dayon Lively did not oppose the motion, the Court granted it as unopposed. Lively then filed a motion for extension of time to file his opposition, and the Court vacated its order dismissing claims against Nahavandi. The motion to dismiss was referred to Magistrate Judge Mitch Dembin for report and recommendation, pursuant to 28 U.S.C. § 636.. Lively then filed a 29-page opposition to the motion to dismiss.[1] Magistrate Judge Dembin on February 14, 2012 issued his report and recommendation (the "R&R"), recommending that the motion to dismiss be granted. The R&R ordered that objections be filed by March 7, 2012. Since that time, no objections have been received.

---

[1] Lively styled this his opposition to the motion for summary judgment, although no summary judgment has been filed in this case.

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id*. "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This section does not require some lesser review by the district court when no objections are filed. *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). The "statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Because the time for filing objections has passed and none have been received, the Court could adopt the R&R without review. In view of Lively's evident interest in opposing the motion to dismiss, and the pattern of late filings and requests for extensions of time, the Court out of an abundance of caution has reviewed the R&R to determine whether it is correct.

The R&R accepted the facts as alleged in the complaint. Lively is a prisoner in state custody. On or around September 19, 2008, he was involved in a fight with another inmate and prison officers intervened. Lively was injured, he alleges, when the officers used unreasonable force both during and after the fight.

On December 8, 2008, Lively was seen by Dr. Nahavandi for a shoulder injury he suffered in connection with the fight. Lively believed he had a torn ligament and needed an M.R.I., but Dr. Nahavandi disagreed. Dr. Nahavandi said Lively's injury appeared to be bicipital tendinitis, prescribed medication for it, and referred Lively to an orthopedic specialist for further evaluation. This exam was Dr. Nahavandi's only interaction with Lively. Lively brings an Eighth Amendment claim, arguing Dr. Nahavandi was deliberately indifferent to serious medical need.

As the R&R correctly pointed out, "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).

1  Therefore, "a complaint that a physician has been negligent in diagnosing or treating a
2  medical condition does not state a valid claim of medical mistreatment under the Eighth
3  Amendment." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The indifference to medical
4  needs must be substantial; mere malpractice, or even gross negligence, does not constitute
5  cruel and unusual punishment. *Id*. "[T]he Eighth Amendment does not require that prisoners
6  receive 'unqualified access to health care.'" *Johnson v. Doughty*, 433 F.3d 1001, 1013 (9th
7  Cir. 2006) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). An inmate's disagreement
8  with his physician regarding the course of treatment does not constitute deliberate
9  indifference to serious medical needs. *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir.
10 2004); *Sanchez v. Veid*, 891 F.2d 240, 242 (9th Cir. 1989).

   Here, both the complaint and Lively's opposition to the motion to dismiss make clear Dr. Nahavandi considered what treatment he thought Lively needed right away, and prescribed that treatment as well as recommending a consultation with a specialist to determine further treatment. For example, the complaint and its attachments show that Dr. Nahvandi examined Lively's shoulder, noted decreased range of motion, and prescribed Prednisone, as well as recommending further examination and evaluation by a specialist. (Compl., ¶¶ 69–70 and Ex. P (copy of Dr. Nahavandi's examination notes, with annotations by Lively).) In pertinent part, Dr. Nahavandi's notes say:

> LEFT SHOULDER DECREASE RANGE OF MOTION. In my exam I think this is mostly bicipital tendinitis but I am going to send him to orthopedic to do more exams on him. At the moment I do not think we need an MRI. Clinically, I think it is most likely bicipital tendinits and he may need injection in the bursa tendon. RFS for orthopedic has been done for the patient. The patient will be on Prednisone tapering 40mg. p.o. for two days, then 20mg. p.o. for two days, then 10mg. p.o. for two days.

(Compl., Ex. P at 3.)[2] The complaint faults Dr. Nahavandi for "refusing to provide Plaintiff with the recommended injection treatment; and referring him to an orthopedic specialist."

---

[2] This exhibit is part of the complaint, Fed. R. Civ. P. 10(c), and the Court may consider it, along with Lively's allegations, when ruling on the motion to dismiss. *See Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 899 (9th Cir. 2007) (holding that, when ruling on motion to dismiss, court may consider allegations in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice). Furthermore, Lively has annotated the exhibit, in an effort to explain how it demonstrates Dr. Nahavandi's liability.

(Compl., ¶ 70.) But as the exhibit shows, Dr. Nahavandi did not determine that an injection was immediately necessary. Rather, his notes suggest only that an injection might be needed, and that Lively should be examined by an orthopedic specialist.

Most of Lively's opposition to the motion to dismiss is taken up with allegations against other Defendants. Only a few paragraphs address what Nahvandi allegedly did or failed to do (Opp'n to Mot. to Dismiss, ¶¶ 12–15, 20, 38–43),[3] and these confirm that the Court's reading of the complaint is correct. The opposition merely attempts to pick holes in the wording of some of the notes, criticizes Dr. Nahavandi's choice of treatment, and faults Dr. Nahavandi for not personally scheduling the orthopedic consultation. The allegations make clear, however, Dr. Nahavandi was not in charge of scheduling Lively's medical appointments; the only contact the two had was the December 8, 2008 examination.

Even if, as Lively now alleges, that treatment turned out to be wrong or inadequate, it at most shows Dr. Nahavandi was negligent. Even negligence is a difficult stretch, bearing in mind that Dr. Nahavandi recognized the limits of his own expertise and sought the assistance of a specialist. The complaint and attachments to it make plain that Dr. Nahvandi was not deliberately indifferent to Lively's serious medical needs.

The Court finds the R&R's recommendations to be correct, and **ADOPTS** it. Nahavandi's motion to dismiss is **GRANTED**. Lively's claims against Nahavandi are **DISMISSED WITH PREJUDICE** and Nahavandi is **DISMISSED AS A PARTY**.

**IT IS SO ORDERED**.

DATED: March 12, 2012

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[3] The principal document in opposition to the motion to dismiss is a declaration. Lively attached exhibits to this declaration, as well as a memorandum. The memorandum makes essentially the same allegations about Dr. Nahavandi, but as with the opposition to the motion to dismiss, primarily made allegations against other Defendants.